## Morgan Lafayette Lewis v. Galveston, Harrisburg & San Antonio Railway Company.

### No. 6151.

1. **Pleadings—Petition in Suit for Personal Injuries.**—Upon general demurrer a petition is good asking damages for personal injury suffered by the plaintiff alleged to have been received upon the railroad track of the defendant *necessarily* used by the public in passing along the street, without fault or negligence on his part, by the cars detached and loose, running swiftly on a down grade upon the plaintiff.

2. **Negligence—Loose Cars on Street.**—It is clearly negligent for a railway company to permit detached cars without signals or warning to run upon a down grade through the streets of a city when the public had the right to use the track in passing along the street.

3. **Pleadings.**— By special exceptions the defendant could have compelled the plaintiff to set out in the petition the circumstances showing the necessity for the public using the track, and the acts of the plaintiff at the time to avoid danger

Appeal from Bexar. Tried below before Hon. Geo. H. Noonan.
The opinion states the case.

*J. H. Copeland,* for appellant. — 1.  The plaintiff being on the track would have been negligence *per se* if he had not been at a place commonly and necessarily used by the public.  But even if he had no right there and was a trespasser, this would not relieve the appellee from the responsibility of using ordinary care and diligence.  If, therefore, the appellee was guilty of gross negligence as alleged in appellant's petition, or even a want of ordinary care and diligence, this would render it liable for damages, provided that such want of ordinary care and diligence or such gross negligence directly caused the injuries sustained by the appellant. I. & G. N. R. R. Co. v. Graves, 59 Texas, 181; Wood's Ry. Law, p. 1045; Nighley v. Gilmer, 3 Mont., 90.

2.  It is no excuse in itself that the act occasioning the injuries was lawful or that it was done in the exercise of a lawful right if the injuries arose from the negligent manner in which it was done, if danger to the person or property of others at any point may be reasonably apprehended or is likely to result from the running of trains without notice, although there is no provision of the statute requiring such notice.  H. & T. C. Ry. Co. v. Edwards, 59 Texas 375; 103 Ills., 512; 8 Am. and Eng. R. R. Cases, 225; H. & T. C. Ry. Co. v. Boozer, 70 Texas, 730; 59 Texas, 74.

3.  Though the appellant may have been guilty of negligence, and although such negligence might have contributed to the accident, if the defendant by the exercise of ordinary care and diligence could have avoided the mischief which happened the plaintiff's negligence will not excuse the defendant.  2 Thomp. on Neg., pp. 1119, 1154–57; 1 Thomp. on Neg., pp. 423, 453.

*Waelder & Upson,* for appellee. — 1.  Appellee's demurrer to appellant's petition was properly sustained for the reasons that said petition shows upon its face that appellant was walking upon appellee's railroad track at the time of the alleged accident; that he was a trespasser; that his own negligence contributed materially to the injury of which he complains, and his petition fails to show that the employes of appellee were aware of his presence upon the track, and thereafter omitted the exercise of such care and caution as would have avoided the accident.  H. & T. C. Ry. Co. v. Richards, 59 Texas, 375, 377; H. & T. C. Ry. Co. v. Smith, 52 Texas, 183; G. H. & S. A. Ry. Co. v. Bracken, 59 Texas, 74; T. & P. Ry. Co. v. Murphy, 46 Texas, 363; B. & O. R. R. Co. v. Depew, 12 Am. and Eng. R. R. Cases, 64; McLaren v. I. & V. R. R. Co., 8 Am. and Eng. R. R. Cases, 219; T. H. & I. R. R. Co. v. Graham, 95 Ind., 286; B. & O. R. R. Co. v. State, 62 Md.; Addison v. L. S. & M. S. Ry. Co., 15 Am. and Eng. R. R. Cases, 512; Shearm. & Redf. on Neg., sec. 25; 1 Thomp. on Neg., 449.

2.  A person who voluntarily exposes himself to dangers from which he might have saved himself by the proper use of his senses contributes

directly to his own injury, and no cause of action lies for such injury. The petition does not allege that he exercised any diligence while walking on the track, or that the employes of the appellee were aware of his presence, or that they did or omitted to do anything which would show willfulness on their part. G. H. & S. A. Ry. Co. v. Bracken, 59 Texas, 74, and authorities there cited.

3. A person who is unlawfully upon the company's track is a trespasser and assumes all the risks incident thereto.

4. "Except at crossings where the public have a right of way a man who steps his foot upon a railroad track does so at his peril." L. S. & M. S. R. R. Co. v. John Hart, 19 Am. Ry. Rep., 254, 255; Mulherrin v. Delaware, etc., R. R. Co., 81 Pa. St., 366.

5. Some particular duty, and breach thereof as causing the injury, should be specifically stated in the petition. Addison v. L. S. & M. S. Ry. Co., 15 Am. and Eng. R. R. Cases, 512.

GAINES, ASSOCIATE JUSTICE.—The appellant was plaintiff in the court below, and a general demurrer having been sustained to his petition, he assigns that ruling as error.

The cause of action is stated in the petition as follows:

"That heretofore, to-wit, on the 16th day of September, 1883, the said defendant corporation was engaged in running and propelling cars for the conveyance of passengers, building material, and other freight over the line of railroad owned and operated by the said defendant corporation in the city of San Antonio, in the county and State aforesaid, on, along and across the streets of said city; that the plaintiff on the said 16th day of September, 1883, between the hours of 3 and 4 o'clock p. m., was walking down the railroad track constructed and operated by the said defendant corporation on and along a certain street, to-wit, Walnut street, in said city, which street and track is commonly and necessarily used and was at the time aforesaid so used by the plaintiff, his neighbors, and the public generally in reaching their homes and places of business and occupation, when and where the servants, agents, and employes of the said defendant corporation, operating a train owned and controlled by it, without any warning or signal whatever to said plaintiff and others, and notwithstanding said train was then and there being operated on a down grade of great fall and length in a densely populated part of said city, on and along said Walnut street as aforesaid, illegally and unlawfully made a drop switch with two cars heavily loaded with lumber and other heavy building material, which said cars were so detached from the said train by the servants and employes of the said defendant corporation, and without signal or warning, and after having only a few moments before gone forward at a very high rate of speed, and sent speedily and almost noiselessly down the said grade for a considerable distance

southward, to-wit,-one thousand yards; and that by reason of such gross. and wicked negligence and malicious conduct and actions of the ser- vants, agents, and employes of the said defendant corporation operating the train aforesaid, knocked down and ran over this plaintiff, the said Morgan Lafayette Lewis, without any fault or negligence on his part, injuring, bruising, and wounding him in several places from head to foot, and depriving him of his left leg, which in consequence of said injuries. was necessarily amputated above the knee, thereby crippling him for life, and otherwise permanently injuring him."

We think the petition good on general demurrer. We must construe the allegation that the railroad track was "necessarily used" by the public. in passing along the street to mean that the street was so narrow or other- wise so obstructed that there was not room to walk along it without going upon the track. However improbable this may seem it is not a matter of judicial knowledge, and we can not say that it is not a fact admitted by the demurrer. The right of a railway company to construct and oper- ate its line along a street of a city does not deprive the public of their right to use it as a public highway. Prudence may demand that a pas- senger should not go upon the track if it can be conveniently avoided, but if the use of the track as a footway should be necessary to the use of the street, one so using it could not be deemed a trespasser. Railway Co. v. Walker, 70 Texas, 126. A person using a railway track under such. circumstances is bound to use care commensurate to the danger thereby incurred, and in a like manner a railroad company is required to exercise. care proportionate to the risks incident to such use of its track. Admit- ting that the facts alleged are such as to require that the plaintiff should show that he is not guilty of contributory negligence, we think that the allegation that he was "without fault or negligence" is all that can be required upon general demurrer. It is clearly negligent for a railroad company to permit detached cars without signals or warning to run down grade through the streets of a city when the public had the right to use. the track in passing along the street.

It may be that if special exceptions had been interposed to the petition on account of the generality of the averments as to the necessity of the use of the track by passengers along the street and as to the absence of negli- gence on part of the plaintiff, they should have been sustained and he should have been required to show by his petition the circumstances which rendered such use necessary, and also the acts of diligence used by him in order to avoid the injury. There being no special exceptions we do not pass upon the question.

For the error of the court in sustaining the general demurrer to the petition the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 16, 1889.