Rio Grande, Sierra Madre and Pacific Railway Company et al v.
Antonio Martinez.

Decided May 17, 1905.

**1.—Contributory Negligence—Railroad Track in Street.**

One is not guilty of contributory negligence in walking along a railroad
track which is situated in a street, although he could, by taking a different
street, have avoided the track.

**2.—Same—Degree of Care—Charge.**

Where the action was for the death of a boy killed while walking along
the railroad track in a street, a requested charge that if the boy was of ordinary
intelligence and experience, and there were no circumstances to take his atten-
tion from his surroundings, and he failed to see or hear the train, it would
be contributory negligence, was properly refused as requiring a greater degree
of vigilance than could be imposed as a matter of law, and as ignoring de-
fendant's duty and the right of the deceased to expect that his safety would
be regarded.

**3.—Discovered Peril—Charge.**

Where the charge did not submit the issue of discovered peril the court
did not err in refusing a request to instruct the jury that they were not au-
thorized to consider such issue.

**4.—Railroad in Street—Injury to Pedestrian—Negligence—Charge.**

Where in an action for the death of a boy killed by a train while walking
along a railroad track in a street, the court charged that if defendant's em-
ployes failed to station a man on the end of the (backing) train to keep a
lookout, or if they did not give signals or the proper signals of warning by
blowing the whistle and ringing the bell, and if the omission to do any one
or more of these things was the proximate cause of the death, and that such
employe or employes were guilty of negligence as already defined, to find for
the plaintiff, such charge was not erroneous as stating the enumerated acts of
omission to be negligence as a matter of law, nor as being a comment on the
evidence and singling out and giving undue prominence to certain parts of the
testimony, nor in permitting the jury to find for plaintiff if defendant omitted
to give any of the signals, nor in telling the jury that proper signals were
blowing the whistle, etc., notwithstanding defendant might have had a man on
the car to give warning.

Appeal from the District Court of El Paso. Tried below before Hon.
J. M. Goggin.

*Patterson, Buckler & Woodson,* for appellant.—1. The evidence
showed conclusively that the deceased lost his life while on the track
of defendants by his own negligence and through no fault or omission
of defendants, and this being shown the court should have instructed a
verdict for the defendants. Hughes v. Railway Co., 67 Texas, 598;
Railway Co. v. Graves, 59 Texas, 331; Railway Co. v. Bracken, 59 Texas,
73; Railway Co. v. Smith, 52 Texas, 178; Railway Co. v. Kutac, 72
Texas, 643; Railway Co. v. Rogers, 59 Texas, 373; Railway Co. v.
Zachery, 27 S. W. Rep., 221; Railway Co. v. Polk, 63 S. W. Rep., 343;
Railway Co. v. Miller, 70 S. W. Rep., 25; Railway Co. v. Cowles, 67
S. W. Rep., 1078; Railway Co. v. Dean, 76 Texas, 73.

2. In the following cases it was held as a matter of law that a
minor was guilty of contributory negligence which precluded a recovery.

Railway Co. v. Shiflet, 83 S. W. Rep., 677; Railway Co. v. Shiflet, 94 Texas, 131; Cockrell v. Railway Co., 82 S. W. Rep., 529; Railway Co. v. Branom, 73 S. W. Rep., 1064; Twist v. Railway Co., 39 N. W. Rep., 402; Masser v. Railway Co., 27 N. W. Rep., 776; Charlton v. Railway Co., 80 N. Y. Sup., 174; Eclif v. Railway Co., 31 N. W. Rep., 180.

3.   There being evidence that deceased could have taken other routes than defendants' track in going to and returning from the store to which he was sent, the court should have submitted to the jury the question whether or not the deceased was guilty of contributory negligence in voluntarily placing himself in a position of danger.   Railroad Co. v. Smith, 52 Texas, 178; Railway Co. v. McCarthey, 64 Texas, 632; Hettich v. Hillje, 77 S. W. Rep., 641.

*Patterson & Wallace,* for appellee.—1.   The question of defendants' negligence and deceased's contributory negligence was for the jury, and the court did not err in refusing to give a peremptory instruction for the defendant, nor in refusing to set aside the verdict rendered.   Frugia v. Railway Co., 82 S. W. Rep., 814; Texas & Pacific Ry. Co. v. Phillips, 37 S. W. Rep., 620; Railway Co. v. Watkins, 88 Texas, 20, 29 S. W. Rep., 232; Railway Co. v. Smith, 87 Texas, 369, 28 S. W. Rep., 520; Railway Co. v. Hewitt, 67 Texas, 479; Railway Co. v. Harvin, 54 S. W. Rep., 630.

JAMES, Chief Justice.—Appellee, the mother of Antonio Martinez, a boy of 15 years, recovered judgment for $1,500 for the killing of the latter by his being run over by appellants' train on Utah Street in the city of El Paso, along which their track ran.   The track was straight, and the killing took place between the intersections of Eighth and Ninth Streets with Utah Street.   The track was and had long been in common use by pedestrians as a pathway.   Deceased and his brother were walking along the track, and the former was struck by a train that was being backed along the street, and killed.   The verdict was for $2,000, but the recovery was reduced to $1,500.   We conclude, in view of the verdict, that the evidence warranted finding that deceased was not guilty of contributory negligence; that the negligence of defendants' employes was the proximate cause of the death, and that the judgment is not excessive.

The first assignment of error, as also the seventh, eighth, ninth and tenth, is overruled, as this follows from our conclusion that the testimony warranted the finding that deceased was not guilty of contributory negligence.

Defendants requested the court to charge that if deceased was returning from the grocery store along and upon defendants' track on Utah Street and that there were other as convenient routes that he could have taken, and that a reasonably prudent and careful person of his age and experience would have used such other route or routes, then to find that he was guilty of contributory negligence in being upon defendants' track.   In questions of assumed risk it is sometimes held that a person can not recover who selects of two routes the one that is the more dangerous.   This theory, which this rule is founded upon, as assumed risk always is, is the person's notice or knowledge of an existing

danger in the way. How the rule applies in this case where the presence of deceased upon the track was free from any danger, except that which afterwards sprung from defendants' negligent act, we do not see. The danger did not arise until it was called into existence by the tortious act of defendant in operating its train. That deceased was using the track, imposed upon him the duty of exercising reasonable care to avoid being run over by defendants' trains; the failure to do this would be contributory negligence, but not so the mere circumstance of his being there.

While on the subject of contributory negligence we may here remark that the rule announced in Railway v. Shiflet, 98 Texas, 326, 83 S. W. Rep., 677, has no application to the duty of railway companies with reference to its tracks which are operated in streets of cities. (Railway v. Hewitt, 67 Texas, 479; Railway v. Mechler, 87 Texas, (632.) A railway company has no proprietorship in any part of such street, and citizens have the right to use the track as well as the railway company, without obtaining in any manner its consent. They have a higher claim to such use that even that of a licensee; they have a legal right to use same. Under such circumstances the railway company must expect persons to be using the track, and must operate its trains with due regard to such user. In other words, it must operate its trains at such a place, observing reasonable care with reference to the presence of such persons. The very fact that deceased had a legal right to be upon the track, and that, being there, the duty devolved by law on defendant to exercise care to avoid running into him, would have made it error for the court to have told the jury that the fact of his being there, instead of being somewhere else, exonerated defendant from liability for negligently running over him.

Defendants requested also a charge that if the boy was of ordinary intelligence and experience and in full possession of his mental and physical powers, including his power to see or hear the approach of defendants' freight cars and to apprehend the danger of being struck by them, and that there were no circumstances surrounding him at the time calculated to take his attention away from his surroundings and of the approach of the train, and being so situated he failed to see or hear the approach of the train until it had gotten within three feet, or about that, to him, and that on account of such failure to observe said train he was struck, this would be contributory negligence and would bar a recovery.

This charge was incorrect. It required of deceased a greater degree of vigilance than could be imposed as a matter of law. It ignores the circumstance that he was only required to exert that degree of care which an ordinarily prudent person in like circumstances would have employed. It ignored the consideration that defendant owed him a duty, and that he had a right to expect defendant would have regard for his safety and run its trains accordingly. An ordinarily prudent person, in the same situation, might, in relying on the observance by defendants of said duty, have to some extent relaxed his own vigilance without being charged with negligence. However, a proper charge (the fourteenth) requested by defendant, upon the same theory, was given.

Defendants asked this further charge: "There is no evidence in this

case showing that the deceased was placed in a perilous ·position by the train mentioned in the evidence, and that after he was placed in such perilous position the employes of the defendants saw him in time to have stopped the train and saved his life, and under the evidence introduced you are not authorized to consider such issue of discovered peril." Appellants' proposition is that plaintiff having alleged that defendants' employes discovered, or could have discovered by the exercise of ordinary care, the peril of deceased in time to have avoided the accident, and the court in the preface to its general charge having told the jury that discovered· peril was one of the issues in the case, the special charge quoted should have been given, as there was no evidence upon which the issue of discovered peril should have been submitted. The preface to the court's charge states the issue referred to by this assignment as follows: "The petition alleges . . . that it was the duty of the servants in charge of the engine to ring its bell- and blow its whistle for said crossings and that it was the duty of the defendants to have a competent man on the end of the approaching cars to keep a lookout and to warn all persons who might be using the track at the time and place, but that the defendants failed to do so, and that such failure constituted negligence on their part and proximately caused the said Antonio's death; that had said bell been rung and whistle blown the said Antonio would have been warned of the approach of said train in time to have escaped the danger, and that had a lookout been placed upon the end of said train the deceased could have been warned in time to have escaped being run over and killed, or such lookout could have discovered the deceased's peril in time to have stopped the train, by signalling the engineer, before he was caught by the wheels and killed."

The above was a statement that the issue was negligence in not having a man stationed at the end of the train to discover persons upon the track, to the end that such persons might not be injured. This was an issue made by the evidence, and the court submitted it as one of the issues thus: "If you believe from the evidence that . . . defendants' employes in charge of the train omitted to do any one or more of the following acts or things as charged in the petition, viz: if they failed to station a man upon the end of the said train to keep a lookout to discover persons upon their track, or if they did not give signals, or the proper signals of warning by blowing the whistle and ringing the bell, etc., to find· for plaintiff."

The assignment of error itself is: "That there was no evidence that after deceased was placed in a perilous position the employes saw him in time to have stopped the train and saved his life, and the jury were not authorized to consider such issue of discovered peril." The court in its charge did not state or submit such an issue. Therefore, there was no occasion for· giving the requested charge.

The fifth and sixth assignments complain of the sixth paragraph of the court's charge which was as follows: "Now if you believe from the evidence that the deceased, while walking on defendants' track, was knocked down, run over and killed by one of defendants' passenger trains; and if you so believe that the defendants' employe or employes in charge of said train omitted to do any one or more of the following things or acts as charged in the petition, viz: If they failed to station

a man upon the end of said train to keep a lookout to discover persons upon their tracks, or if they did not give signals or the proper signals of warning by blowing the whistle or ringing the bell of the engine on approaching the place of the accident, and if you further so believe that such omissions that you may find to be so omitted, if any, by such employe or employes, were the proximate cause of the deceased's being run over and killed, and that such employe or employes were guilty of negligence, as negligence is hereinbefore defined and explained to you, in omitting to do any of the acts or things which you so find to have caused the death of the deceased, if you so find, and you find that said deceased himself was not guilty of contributory negligence proximately causing or contributing to cause his death, then you will return a verdict for the plaintiff, but unless you do so find you will return a verdict for the defendants."

The objections made to this charge are various. The first is that it told the jury that the failure to ring the bell or blow the whistle, or to station a man at the end of the train, were acts of negligence as a matter of law. A reading of the charge is a sufficient answer to this objection. 2. That it was a comment on the evidence and singled out and gave undue prominence to certain parts of the testimony, but the brief does not point out wherein. 3. That it permitted the jury to find for plaintiff if the defendant omitted to give any one of the three signals of warning, although the others may have been given. The charge did not authorize the jury to give effect to any act of omission unless it was the proximate cause of the killing. 4. That it told the jury that as a matter of law the proper signals for defendant to have given were blowing the whistle and ringing the bell when approaching the place of the accident, notwithstanding defendants may have had a man on the front car to give warning to the deceased. The charge left it to the jury to decide whether or not any of said omissions was negligence, and did not decide any such question as a matter of law. 5. That it required both the ringing of the bell and the blowing of the whistle as the train approached the place of the accident, while there is no law requiring defendants to do both these things on approaching the place of the accident, and the court should not have told the jury that a failure in this respect was negligence. If the charge told the jury that omission or omissions on the part of the employes was negligence, we have failed to detect it. 6. That there was no duty on the part of defendants to ring the bell or blow the whistle *"when approaching the place of the accident,"* and defendants did not know where the place of the accident was until after it happened. This we think it unnecessary to discuss.

The killing occurred on a public thoroughfare of the city, along which defendants ran their train, the track there being used by the public. The deceased was not a trespasser, and defendants having reason to expect persons to be, at all times, using the track as they had a right to do, owed such persons the duty of exercising care to avoid running into them. Negligence in this respect, followed by injury, would render them liable, unless the person injured should be barred by reason of his own negligence. It was proper for the court to submit to the jury the question of negligence in the forms which the petition charged

negligence, and this the court did. It did not charge as a matter of law that .any of the omissions constituting negligence, but left that matter entirely to the jury. All that the court can be said to have assumed was that deceased was not a trespasser upon the track at that place, and that defendant owed him the duty of operating its trains with ordinary care with reference to his safety, which was correct, the track being in a street and in habitual use as a pathway as all the testimony shows. Affirmed.

*Affirmed.*

Writ of error refused.