**GRAHAM v. GATEWOOD et al.**

No. 5477.

Court of Civil Appeals of Texas. Amarillo.

Oct. 26, 1942.

Rehearing Denied Dec. 14, 1942.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellant.

Smoot & Smoot, of Wichita Falls, for appellees.

JACKSON, Chief Justice.

The record shows that on October 26, 1940, while driving a truck as the agent and representative of Evans G. Graham along the public highway between the towns of Harrold and Oklaunion in Wilbarger County, R. D. Clary had a collision between the truck driven by him and a truck parked on or near the pavement by the employees of Roy I. Carter, the owner of such truck, and one of such employees, Ellis Lee Gatewood, was instantly killed by the collision.

Tressie Jewel Gatewood, the surviving wife of Ellis Lee Gatewood, for herself and as next friend for the four minor children of Tressie Jewel and Ellis Lee Gatewood, and Anna Gatewood, a widow, the mother of the deceased, as plaintiffs, instituted this suit in the District Court of Wilbarger County against Evans G. Graham, the defendant, to recover $30,400 as damages for the death of the deceased alleged to have been caused by the negligence of the defendant and his agents, especially his driver, R. D. Clary.

The negligent acts charged by the plaintiffs against the defendant will, we think, sufficiently appear from the plaintiffs' issues submitted by the court and answered by the jury. The findings for plaintiffs are, in effect, that the defendant was guilty of negligence in failing to keep a proper lookout; that he was driving at a reckless rate of speed under the facts and circumstances; that he was partially blinded by the lights of a car coming from the east and failed to stop while approaching the place of the collision; that he passed the parked truck while he was partially blinded; that the acts above alleged against the defendant and his agent, R. D. Clary, were negligent and such acts were each a proximate cause of the death of deceased.

The findings of the jury on the issues submitted for the defense will reveal the defenses relied on by defendant to defeat a recovery by the plaintiffs. These findings are, in effect, that the deceased did not step into the side of the truck at the time of the accident; that he was not on the main traveled portion of the highway at the time he was killed; that while the deceased was on the main traveled portion of the highway he did not fail to keep a proper lookout for cars approaching from the west; that the deceased just prior to the accident was in a position of danger; that he realized his danger; that there was

at hand no place of safety that he could have taken; that he did not voluntarily remain in the position of danger; that the bright lights of the car approaching from the east was not the sole proximate cause of the death of Ellis Lee Gatewood; that the acts of the deceased, together with the acts and conduct of the other employees of Roy I. Carter in placing the truck in the position they did prior to the accident was not the sole proximate cause of the death of the deceased; that the failure to set out flares was not the sole proximate cause of his death. The jury found damages against the defendant, Evans G. Graham, in the sum of $7,500 and distributed the amount among the plaintiffs as follows: to Mrs. Tressie Jewel Gatewood, $2,500, to each of the four minor children, $1,000 and to Mrs. Anna Gatewood, $1,000, and on these findings the court rendered judgment for plaintiffs in the amounts awarded to each of them by the jury.

The appellant presents for review numerous alleged errors of the trial court upon which he asks that the judgment be reversed and the cause remanded.

He contends that the testimony was insufficient to show actionable negligence; that the deceased was guilty of negligence as a matter of law and, in any event, the verdict is contrary to the great weight of the testimony and justice demands that the judgment entered thereon be reversed.

We shall refrain from setting out the testimony offered by appellees to prove the acts of appellant claimed by them to be negligent and on which they based their cause of action nor shall we detail the testimony introduced by appellant to prove the alleged contributory negligence upon which he relies for a defense. We deem it sufficient to state that the alleged negligence of appellant and the alleged contributory negligence of the deceased and of the other employees of Roy I. Carter were sharply controverted issues and the court would not have been authorized in giving a peremptory instruction for either the plaintiffs or the defendant under the rule limiting the authority of a trial judge to direct a verdict on the facts. Jackson v. Langford, Tex.Civ.App., 60 S.W.2d 265, and the authorities therein cited.

The appellant assails as erroneous special issue No. 29 by which the court purports to submit to the jury the issue of the contributory negligence of the deceased in failing to keep a proper lookout for traffic approaching from the west because not submitted as pleaded but as worded the issue limits and conditions contributory negligence on a finding by the jury that the deceased immediately prior to the accident was on the main traveled portion of the highway. On this issue the appellant pleaded that the deceased was guilty of contributory negligence in failing to observe the approaching car from the east and the approaching truck from the west.

Special issue 29 as submitted reads as follows:

"Do you find from a preponderance of the evidence that while Ellis Lee Gatewood was on the *main traveled portion* of the highway immediately prior to the accident, *if you have found he was on the main traveled portion* of the highway at said time, failed to keep a proper lookout for cars approaching him from the West on such highway?

"Answer: No." (The italics are ours.)

The appellant excepted and objected to this issue for the reason that it requires a finding of the 'jury that the deceased was on the main traveled portion of the highway in order to be guilty of contributory negligence in failing to keep a proper lookout and thus limits the negligence pleaded as a defense. In addition to appellant's exception and objection to the issue as submitted he prepared and submitted his requested issues Nos. 38 and 39, which are as follows:

"Do you find from a preponderance of the evidence that Ellis Lee Gatewood failed to keep a proper lookout for traffic approaching from the West? Answer 'Yes' or 'No.'

"Do you find from a preponderance of the evidence that such failure, if any, on the part of Ellis Lee Gatewood to keep a proper lookout was a proximate cause of his death? Answer 'Yes' or 'No.'"

The court overruled the exceptions and objections and refused the requested issues.

The testimony shows that the highway at the point where the accident occurred consists of a paved strip 18 feet wide and this strip constitutes the main traveled portion of the highway or what is commonly called the pavement; that on either side of this paved strip there are shoulders practically level from the pavement to the bar pit, which constitutes a space on which cars and trucks may be parked; that the

highway where the accident occurred is straight, extending through a practically level country with no timber or other obstruction to the view; that there were four other men employees of Mr. Carter on the same side of the parked truck between it and the pavement with the deceased; that they saw appellant's truck approaching from the west which had ordinary lights and, according to the finding of the jury, was not exceeding in speed a rate of 40 miles per hour; that one of these men called, "Look out for that truck" and repeated this call to look out; that he got in at the door of the parked truck; two of the men went around the back end of the trailer and one of them under the truck but that deceased was struck and died instantly.

The appellant had alleged that the deceased was guilty of contributory negligence in being upon the pavement immediately prior to the accident. The jury, on sufficient testimony though sharply controverted, found that the deceased was not on the main traveled portion of the highway when he received the injuries from which he died immediately. The appellant also alleged that the deceased was guilty of contributory negligence because he failed to keep a proper lookout for a car approaching from the east and for the truck approaching from the west. The allegation made no mention of the paved or main traveled portion of the highway. Under the pleading the deceased could have been on the pavement or on the shoulders of the highway adjacent to the main traveled portion thereof. The allegation did not even suggest that in order to be guilty of contributory negligence in failing to keep a proper lookout the deceased must be on the main traveled portion of the highway. The jury having determined that the deceased was not on the main traveled portion of the highway when killed had no choice but to find that he did not while on the main traveled portion of the highway fail to keep a proper lookout. This we think is emphasized by issue No. 31 submitted by the court and the answer thereto, which are as follows:

"Do you find from a preponderance of the evidence that such negligence, if any, of the said Ellis Lee Gatewood in failing to keep a proper lookout *for cars,* approaching *on the main traveled portion* of the highway from the West, if he did so fail,

was the proximate cause of his death? (Italics ours).

"Answer: Yes."

This issue follows question No. 30, which is as follows:

"Do you find from a preponderance of the evidence that such failure if you have found upon the part of Ellis Lee Gatewood to keep a proper lookout for cars approaching from the West while said Ellis Lee Gatewood was upon the main traveled portion of the highway, if he was, was negligence?

"Answer: No."

Question No. 30 limits negligence in failing to keep a proper lookout to a finding that the deceased was on the main traveled portion of the highway at the time of the accident and was answered negatively. It will be observed that issue No. 31, in submitting whether *such negligence* was the proximate cause of the death, did not require that the deceased be on the main traveled portion of the highway in order to answer affirmatively. Apparently, therefore, the finding of the jury on the issue of which complaint is made was affected by the restricted and conditional submission thereof.

The general rule in negligence cases is that the issue should be submitted in the language of the pleading. This rule is not mandatory but it is imperative that the court in submitting an ultimate issue for recovery must include in the issue the facts as alleged and limit the recovery to such alleged facts. He must also, in submitting separate defensive facts for the defendant, so frame the issue as to include the entire defense as alleged and limit the defense to the facts so alleged.

In 41 Tex.Jur. 1100, par. 273, the author says: "Enlarging or Restricting Issue—'When a certain fact or group of facts would entitle one to relief, whether offensively or defensively, that precise fact or group should be submitted for a finding and no more. * * * A party is entitled to a finding as to the very fact,—simple or complex,—which the law esteems to be a basis for action or defense.'"

In Law of Special Issues in Texas by Speer, 236, par. 179, the author says: "Not only must a fact issue be one within the issues tendered by the pleadings, but the form in which it is submitted,—which at least gives substance to the real issue,—

772

must likewise be within the pleadings. That is to say, there must be no substantial variance between the issue as pleaded and the issue as stated in the interrogatory."

In Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, 522, Judge Greenwood uses this language:

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved. The court submitted separately, as the statute required, each group of facts relied on by plaintiff in error, under her pleadings and the evidence, to constitute negligence on the part of defendant in error. The court, over the objection of defendant in error, refused to submit separately each group of facts relied on by defendant in error, under its pleadings and the evidence, to constitute contributory negligence on the part of Alexander Fox.

"In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven."

The authorities below cited sustain the principle here announced. Texas & N. O. R. Co. v. Crow et al., 121 Tex. 346, 48 S.W. 2d 1106; Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910; E. L. Martin, Inc., v. Kyser, Tex.Civ.App., 104 S.W.2d 592; Jones v. McIlveene, Tex.Civ.App., 105 S. W.2d 503.

■ Question No. 29 as submitted limited the issue of negligence in failing to keep a proper lookout to a finding by the jury that the deceased was on the main traveled portion of the highway—the paved strip 18 feet wide—immediately prior to the accident. The allegation covered not only the 18 feet of paved highway but the shoulders abutting on the pavement. The jury having found that deceased was not on the 18 foot paved strip when killed on sufficient testimony though controverted, and the testimony showing conclusively that if deceased was not on the main traveled portion of the highway he was on the shoulder or improved portion thereof two or three feet from the edge of the pavement, under this record and an unrestricted submission of the issue pleaded the jury could have found the deceased guilty of negligence in failing to keep a proper lookout and such a finding would constitute a complete defense to plaintiff's cause of action.

■ The point of error assigned was not, under this record, invited by counsel for appellant. St. Louis Southwestern Ry. Co. of Texas v. Hudson et ux., Tex.Com. App., 17 S.W.2d 793; Southern Pac. Co. v. Green, Tex.Com.App., 280 S.W. 198.

■ A defendant is entitled to have his pleaded defenses separately and distinctly submitted to the jury. This right is clearly stated in France et ux. v. Graves, Tex. Civ.App., 48 S.W.2d 438, in the following language: "The rule of separate submission of each distinct issue raised in a case is intended to work both ways. Issues of defenses are just as vital to the rights of defendant as issues of liability are to the plaintiff, and both should of course, be submitted with equal fairness and distinctness. And when, as in this case, the trial court refuses to separately submit properly raised and requested defensive issues * * * an appellate court has no alternative but to reverse. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Ft. Worth & D. C. R. Co. v. Morrow, Tex.Civ.App., 235 S.W. 664; Panhandle & S. F. R. Co. v. Miller, Tex.Civ.App., 44 S.W.2d 790, and authorities there cited."

The other points of error assigned do not, in our opinion, present reversible error.

The judgment is reversed and the cause remanded.