## NILS SOLGAARD V. TEXAS & NEW ORLEANS RAILROAD COMPANY.

No. A-2436. Decided April 12, 1950.
Rehearing overruled May 24, 1950.
(229 S. W., 2d Series, 777.)

182

*Critz, Kuykendall, Bauknight & Stevenson,* of Austin, and *Markwell & Stubbs,* of Galveston, for petitioner.

The Court of Civil Appeals erred in holding that the trial court erred in refusing to submit requested special issues, because said special issues inquired about matters which were substantially submitted in the court's special issues, and because plaintiff's presence on the streets of the city could not, as a matter of law constitute contributory negligence. Banker v. McLaughlin, (Civ. App.) 200 S. W. 2d 699; Dressen v. Citizens State Bank, 165 S. W. 2d 120; Turner v. Texas Co., 138 Texas 380, 159 S. W. 2d 112.

*Baker, Botts, Andrews & Parrish,* of Houston, and *Armstrong, Barker & Bedford,* of Galveston, for respondent.

In reply to petitioners point cite, International & G. N. Ry. Co. v. Edwards, 100 Texas 22, 93 S. W. 106; Texas & N. O. R. R. Co. v. Daft, 120 S. W. 2d 481; Graham v. Gatewood, 166 S. W. 768.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

Petitioner Solgaard, a Norwegian seaman, as plaintiff, had judgment for damages in the trial court against respondent, Texas & New Orleans Railroad Company for serious personal injuries caused by a freight train of respondent being pushed over him while a pedestrain on Avenue A in the City of Galveston about midnight of September 13, 1947. This judgment was reversed by the Court of Civil Appeals and remanded for a new trial. 223 S. W. 2d 665. The first ground of reversal, which was the one most discussed here and below, consisted of the trial court's refusal to submit various issues requested by the respondent railroad company regarding the alleged contributory negligence of petitioner, and we granted the writ of error because of doubt about the correctness of this holding. However, the court below also discussed the matter of whether the verdict was supported by the evidence in so far as it found the accident to have been the proximate result of respondent's negligence. While the language of this discussion or ruling evidently left both litigants in some doubt as to its intent, respondent yet presents it here as a holding of the court below material to our disposition of the case.

Avenue A runs generally east-west along the edge of the commercial waterfront, and the accident occurred somewhere near its intersection with 28th Street or eastwardly thereof between 28th and 27th Streets; these latter streets having their origin at Avenue A and running thence southwardly at right angles to it. The "avenue" is officially a public way but in this area is not lighted, paved, equipped with sidewalks, or otherwise maintained as a street, is obviously unsuited for vehicular traffic in any direction, and is more or less fully occupied with four railroad tracks, including the one on which petitioner was injured. The respondent and other railroads were, of course, authorized to use the tracks for railroad purposes, and there was no prohibition of any kind against use of the street by pedestrains, who in fact did frequently traverse it both lengthwise and across.

No witness testified to seeing the accident or to seeing petitioner previous thereto. Petitioner himself testified that, being on shore liberty from his ship docked at the port, he returned toward the waterfront around midnight, following 28th Street onto the tracks on Avenue A; that after crossing two or three of these tracks, he heard a noise like the rumbling of a train, though he heard no whistle or bell, and then saw an unlighted train moving toward him from his left, that is from the west, and about ninety or one hundred feet away; that he then turned around and ran back two or three steps and "across" the track on which the train was approaching, tripped and fell on that track, thus knocked himself unconscious "before the train hit me" and knew no further details of the accident. Respondent's testimony showed petitioner to have been found unconscious and badly injured very early on the morning of September 14 at a point east of 27th Street or over a block east of where he he said he had fallen, but also included circumstances strongly indicating that he had been actually run over at a point near a vacant lot between 27th and 28th Streets and thence dragged by the train eastwardly beyond 27th Street. A single witness for petitioner, L. C. Sheffield, testified rather vaguely to the effect that he found some blood and rags "at the east side of" and "right close to" 28th Street, but on cross examination disclaimed to say "just how far from 28th Street it was".

Oral argument and further study of the case confirm our earlier view that the Court of Civil Appeals erred in its holding that the trial court should have granted respondent's requested issues in question on the subject of contributory negligence.

■ The first group of issues involved, comprising Nos. 1, 2 and 3, enquired if petitioner, just before and at the time of the accident, "had gone to and remained at the place near the railroad tracks between the intersections of 28th Street and 27th Street", whether such conduct, if pursued, was negligence, etc. As regards whatever significance the words describing a location may have in the matter, it must be noted that the court actually did submit issues (Nos. 13-15 of the charge) on whether "the plaintiff was struck by a train at a point approximately opposite the vacant lot between 27th and 28th Streets", whether he was negligent in being there, etc., which were answered unfavorablly to the respondent. We cannot agree with respondent that, even with the inclusion of these latter issues, the charge failed to present the subject of location fairly. In such cases generally, each party is entitled to adequate presentation of all details of fact supported by pleadings and evidence and essential to its own theory of the case. See City of Ft. Worth v. Lee, 143 Texas 551, 186 S. W. 2d 954, 159 A. L. R. 125; Graham v. Gatewood, Tex. Civ. App., 166 S. W. 2d 768, error refused, w. m. But here, as stated, all respondent's own evidence placed the accident in the very locality submitted in Issues Nos. 13-15, and the only complaint is that such issues, unlike requested Issue No. 1, did not include still another theory—that petitioner was struck somewhat to the west and nearer, though not within, the intersection of Avenue A and 28th Street. Considering the elastic word "approximately" in the submitted issues, the still more elastic and inconclusive testimony of the lone witness of petitioner who is said to place the accident near the east side of 28th Street, and the fact that the latter theory was not the one relied on by either party, we cannot see how respondent was deprived of any valuable right. It is altogether unlikely that the jury, had it disbelieved petitioner's story, which in effect placed the accident within the intersection, would have yet answered Special Issue No. 13, "No", as it did, on the theory that the accident happened somewhere in between the intersection and "a point approximately opposite the vacant lot". We also seriously doubt if the abovementioned testimony of the witness, Sheffield, was evidence actually raising such a theory as an issue. None of the decisions cited for respondent, including those last above referred to, involve a situation like the present. Fox v. Dallas Hotel Co., 111 Texas 461, 240 S. W. 517, so far as possibly relevant, simply held that it is error to submit in one issue all of several different acts of contributory negligence pleaded and supported by evidence.

2 Furthermore, we regard requested Issues Nos. 1-3 as presenting "other and various phases or different shades of the

same issue" presented in submitted Issues Nos. 13-15, within the prohibition of Rule of Civil Procedure No. 279. There were two theories of the facts: Petitioner's testimony that he was in motion across the tracks at the intersection of Avenue A and 28th Street up until the train was quite close to him, and respondent's view that petitioner was probably lying or sitting down on or close to the track in a drunken condition east of the intersection. If the jurors had felt inclined to believe respondent's version, surely they would have answered Issues 13-15, "Yes", and would not have given the negative answers that they gave simply because these issues used the concept of petitioner "being" where he was rather than that of "being and remaining".

■ Requested Issues Nos. 8-10 with reference to whether petitioner, prior to the accident, "placed himself on or near the railroad track in a position to be struck by railroad traffic", etc., are doubtless not another phase of submitted Issues Nos. 13-15, since the former would apply to an accident either within or without the intersection and the latter apply only to one without. Obviously, petitioner had somehow put himself on the track or close enough thereto to be the same as if he were on it, else he would not have been run over. Once on or very close to the track he was undoubtedly located where a train might strike him. So the purpose of these issues must be either to present a question of petitioner acting with knowledge of the oncoming train that injured him or the question of whether his act of going on or near the track was negligence even without knowledge that the train was approaching. If the former, the issue was but another phase of Special Issues Nos. 16-17, which the court submitted on the point of petitioner attempting to cross ahead of the oncoming train. If the latter, the requested issues were based on an erroneous legal premise, since petitioner had at least an equal right with respondent to the use of the street. Rio Grande, S. M. & P. Ry. Co. v. Martinez, Tex. Civ. App., 87 S. W. 853, er. ref.; The Galveston City Railroad Company v. Hewitt, 67 Texas 473, 3 S. W. 705, 60 Am. Rep. 32; Gulf, Colorado & Santa Fe Ry. Co. v. Walker, 70 Texas 126, 7 S. W. 831, 8 Am. St. Rep. 582; Southern Ry. Co. in Kentucky v. Caplinger's Adm'r., 151 Ky. 749, 152 S. W. 947, 49 L. R. A. N. S. 660. We do not consider St. Louis Southwestern Ry. Co. of Texas v. Shiflet, 94 Texas 131, 58 S. W. 945, 98 Texas 102, 83 S. W. 677, as authority to the contrary, though it does appear to assume that the act of a pedestrian licensee of a railroad in using the track of the latter on its private right of way as a means of passage or as a place to rest would be in itself negligence. In Lewis v. Galveston H. & S. A. Ry. Co., 73 Texas 504, 11 S. W. 528, there

is a suggestion that the act of a pedestrian in walking along a track in a public street, without proof as to lack of available sidewalks, would be deemed negligent, but without attempting to reconcile that suggestion with the language in Rio Grande, S. M. & P. Ry. Co. v. Martinez, supra, which was decided later, it is enough to say that, in the present case, "Avenue" A undisputedly was without anything resembling sidewalks and practically monopolized by tracks, as the respondent railroad must be assumed to have realized, being a licensed and regular user of the way. The unlighted and generally inhospitable character of the "avenue" does not change the legal situation. It is no more negligence for the pedestrian to use it under such conditions than it is for the railroad to do so.

■ We will not comment in detail on the remaining requested issues, Nos. 11 through 22. They all have to do with petitioner entering, remaining on or crossing tracks in "the railroad yards". This latter expression was improper, since it suggested some greater right of the respondent railroad with respect to the street than it actually had. At least some of these issues are, moreover, subject to the same objections heretofore pointed out with regard to earlier issues.

■ It is contended on behalf of respondent that, regardless of the action of the Court of Civil Appeals on the matters above discussed, its judgment remanding the case must yet be affirmed, because it also held the verdict to be against the great weight of the evidence as regards the findings that the accident was the proximate result of the various acts of negligence found attributable to respondent. Such a holding, if made, would be one of fact and, being thus beyond our power of review, would ordinarily require us to affirm the judgment. This, however, assumes that the holding was based upon proper assignments of error. See Liberty Film Lines Inc. v. Porter, 136 Texas 49, 146 S. W. 2d 982. The final portion of the opinion below does strongly suggest that the court intended to hold as respondent contends it did. On the other hand, an examination of respondent's assignments of error discloses that these did not attack the verdict as against the weight of the evidence in the particulars involved. Such an attack on one or more particular findings is obviously not an attack on others not mentioned. Nor can it be said that assignments based on objections made to special issues on the ground of insufficient evidence to sustain affirmative findings are the same assignments that the corresponding affirmative answers in the verdict itself should have set aside for lack of sufficient evidence. The latter present questions of fact. An

objection to the charge presents a question of law. Therefore, even if respondent has correctly interpreted the opinion below—and such interpretation is in no event as certain as it might be—the Court of Civil Appeals was without authority under the circumstances to make the ruling thus attributed to it.

■ Respondent points also to its assignments below urging that as a matter of law the evidence established an absence of causal relationship between the accident and any negligent conduct of the respondent, and in addition refers to sundry other alleged errors occurring in the trial court which were not considered by the Court of Civil Appeals. While the latter may, as above stated, have intended to hold that the jury's answers on the matter of proximate cause were against the great preponderance of the evidence, it did not pass on the question of "no evidence" to support the findings of proximate cause. Nor did respondent properly complain here of the court's failure to render instead of merely remanding the case since respondent did not seek a writ of error. Furthermore, it appears that respondent presented some assignments in the court below which are within its exclusive jurisdiction but which were not passed upon by it. Under these circumstances, since we disagree with the holdings which the court made on the matter of the requested special issues and consider that it could not properly have reversed and remanded the case on the above discussed point of the weight of the evidence, we must, according to our established practice, reverse the judgment of the Court of Civil Appeals and remand the cause to that court for consideration of all assignments there presented which have not been passed upon by it or this court, including those relating to the effect of the evidence as a matter of law. Corzelius v. Oliver, 148 Texas 76, 220 S. W. 2d 632, 637; Smith v. United Gas Pipe Line Co., 149 Texas 69, 228 S. W. 2d 139. It is so order.

Opinion delivered April 12, 1950.

Rehearing overruled May 24, 1950.

Note: For further opinion by Court of Civil Appeals, conforming to this opinion, See 236 S. W. 2d 673, and action of Supreme Court on application for writ of error thereon, 150 Texas ____ , 238 S. W. 2d 186.