Danny GRAHAM, Appellant,

v.

Arvard R. SMITH, Appellee.

No. 6351.

Court of Civil Appeals of Texas, El Paso.

Dec. 19, 1973.

H. E. Cooper, El Paso, for appellant.

J. G. Lay, El Paso, for appellee.

OPINION

PRESLAR, Justice.

Plaintiff-Appellee brought this suit to recover damages caused to his boat as result of a collision with Appellant's boat. The Appellant-Defendant filed a counterclaim for damages to his boat arising out of the same collision. We will refer to the parties as Appellee being the Plaintiff and the Appellant being the Defendant. The case was tried to a jury on special issues and resulted in a judgment favorable to the Plaintiff. We are of the opinion that the judgment should be reversed and remanded for another trial.

The collision occurred on Ascarate Lake, a small body of inland water situate in El Paso County, Texas. The general facts are: The Plaintiff had been underway for some thirty minutes prior to the collision, navigating in a counter-clockwise pattern within the perimeter of the one-half mile by one-quarter mile body of water. As he was on the north leg of the second lap and on a due west bearing, his vessel was struck broadside aft of amidships some five or six feet forward of the stern on the starboard side by the bow of Defendant's boat. Defendant at the time was on a south by southwest or a due south bearing.

The question of who had the right-of-way becomes important. Both parties pleaded that the other failed to yield the right-of-way to him. Controlling of this question is a provision of the United States Coast Guard Inland Rules. The Water Safety Act, Art. 1722a of the Vernon's Ann.Tex. Penal Code, provides:

"The United States Coast Guard Inland Rules are hereby adopted and shall apply to all public waters of this state insofar as they are applicable."

Section 80.7 of the U.S. Coast Guard Inland Rules provides, as follows:

"When two steam vessels are approaching each other at right angles or obliquely so as to involve risk of collision, other than when one steam vessel is overtaking another, the steam vessel which has the other on her own port side shall hold her course and speed; and the steam vessel which has the other on her own starboard side shall keep out of the way of the other by directing her course to starboard so as to cross the stern of the other steam vessel, or, if necessary to do so, slacken her speed or stop or reverse."

Defendant requested a cluster of issues, as follows:

"ISSUE NO. 1

Do you find from a preponderance of the evidence that the vessels were approaching each other at right angles or obliquely?

Answer 'We do' or 'We do not.'

Answer: ―――――――

If you answered Issue No. 1 'We do', then answer Issue No. 2, otherwise do not answer Issue No. 2.

ISSUE NO. 2

Do you find from a preponderance of the evidence that ARVARD R. SMITH failed to yield to the vessel driven by DANNY GRAHAM?

Answer 'We do' or 'We do not.'

Answer: ―――――――

If you answered Issue No. 2 'We do', then answer Issue No. 3, otherwise do not answer Issue No. 3.

ISSUE NO. 3

Do you find from a preponderance of the evidence that the failure, if any, of ARVARD R. SMITH to hield to the vessel driven by DANNY GRAHAM was negligence?

Answer 'We do' or 'We do not.'

Answer: ―――――――

ISSUE NO. 4

Do you find from a preponderance of the evidence that the failure, if any, of ARVARD R. SMITH to yield to the vessel driven by DANNY GRAHAM, was a proximate cause of the occurrence in question?

Answer 'We do' or 'We do not.'

Answer: ——————————."

The Court refused these requested issues and over the objection of the Defendant submitted the following Issue No. 8:

"Do you find from a preponderance of the evidence, that at the time and on the occasion in question, immediately prior to the collision, the boat being operated by the plaintiff, Arvard Smith, cut across the bow of the boat operated by the defendant, Danny Graham? Answer 'yes' or 'no'."

This was followed by conditional issues that if the jury should answer "yes," then they should determine if the same was negligence and a proximate cause of the collision. It was also followed with an instruction in substantially the same words as Section 80.7 of the Coast Guard Rules, above cited.

We are of the opinion that the Court erred in refusing the request for submission of, and failing to submit, the cluster of tendered special issues covering Plaintiff's alleged failure to yield the right-of-way. In addition to his pleading that Plaintiff cut across his bow, the Defendant also specifically pled that the Plaintiff failed to yield the right-of-way to his vessel in accordance with appropriate State and Federal Waterway Regulations. Rule 279, Texas Rules of Civil Procedure, provides that when the Court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence. Rule 277, Tex.R.Civ.P., provides, in part: "Such special issues shall be submitted distinctly and separately." The Defendant thus had a statutory right

to have the issues he relied on submitted distinctly and separately, and the failure to so submit them under the state of this record was error. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517 (1922); Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953); Solgaard v. Texas & N. O. R. Co., 149 Tex. 181, 229 S.W.2d 777 (1950); Erisman v. Thompson, 140 Tex. 361, 167 S.W.2d 731 (1943); Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); Holly Sugar Company of Hereford v. Aguirre, 487 S.W.2d 421 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.). This case was tried prior to the amendment of Rule 277, effective September 1, 1973, so that the above cited cases are here applicable. In Fox v. Dallas Hotel Co., supra, the Court over the objection of the Defendant in Error refused to submit separately each group of facts relied on by the Defendant in Error under his pleadings and the evidence, and in reversing the trial Court, the Supreme Court said:

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, . . ."

The prejudice to the Defendant is apparent because the jury answered "No" to Special Issue No. 8 and never reached the question of the Plaintiff's negligence. Defendant's requested Issue No. 1 tracks Section 80.7 of U. S. Coast Guard Inland Rules in that it sought to establish the relative positions of the two vessels by its inquiry as to whether they were approaching each other at right angles or obliquely. The evidence preponderates they were at right angles with Defendant on Plaintiff's right. Even the Plaintiff testified that this was the position of the two vessels, so that the jury would probably have answered that

question favorably to the Defendant. In that event, they would have then answered the remaining issues and, had they been given the opportunity, they could have found for the Defendant on them. This also makes it apparent that the inquiry as to whether one boat cut across the bow of the other is not the same or a different shade or form of the issue of failure to yield the right-of-way. Where the answer to the first was "no" the evidence is compelling that it would have to be "yes" to the second. In any event, under the above authorities, the Defendant having pled both —cutting across the bow and failure to yield the right-of-way—he was entitled to a distinct and separate submission of each defense. We are not familiar with the offense of cutting across one's bow, but we are of the opinion that the rejected defense of failure to yield the right-of-way was a separate ground of defense and that the Defendant was thus entitled to that submission, and the failure to do so was error.

The judgment of the trial Court is reversed and the cause is remanded for another trial.