### John Henry v. Kirby Lumber Company.

No 2877.  Decided November 15, 1919, January 21, 1920.

(215 S. W., 451, 218 S. W., 363.)

**1.—Contributory Negligence—Riding in Dangerous Place.**

In the case of an employee of a lumber company, who being directed to return from his work to the mill on a train used for hauling logs thereto took his place on the rear of the tender where he was injured through

negligence of those operating the engine in making a coupling with violence whereby a log was driven back against and struck him, the question of his contributory negligence in taking such position on the tender was one of fact properly left to the jury,—it appearing that he had customarily ridden in such position, occupied it with the knowledge of and without objection or warning from those operating the engine, and was not aware that the coupling was to be made. (Pp. 221-224).

### 2.—Practice in Supreme Court—Jurisdiction—Assignments Not Passed on.

The Court of Civil Appeals having reversed a recovery by plaintiff and rendered judgment against him on the ground that the evidence showed contributory negligence as matter of law without determining other assignments of error, some of which raised questions not within the jurisdiction of the Supreme Court, the latter in reversing the ruling as erroneous, confine their opinion to that question, and remand to the Court of Civil Appeals for its determination of the other errors assigned. (P. 224).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Hardin County.

Henry sued the Lumber Co. and had judgment which on defendant's appeal was reversed and rendered in its favor, 178 S. W., 23. Henry thereupon obtained writ of error. The case was referred to the Commission of Appeals Division A, by whom, on opinion of Judge Strong, it was recommended that it be reversed and the judgment of the District Court affirmed, 215 S. W., 451. The recommendation was adopted by the Supreme Court; but on motion for rehearing this judgment was modified in an opinion by the Supreme Court. Both opinions are here published.

*V. A. Collins, D. E. O'Fiel,* and *F. G. Vaughan,* for plaintiff in error.—Contributory negligence is a question to be determined by the jury under all the facts of each particular case, and the jury in this case having found that the plaintiff in error was not guilty of contributory negligence, and the preponderance of the evidence sustaining that finding, this court is not authorized to set aside the finding of the jury on that issue. San Jacinto & S. Ry. Co. v. Molin, 64 S. W., 314; Ragley Lbr. Co. v. Parks, 103 S. W., 425; Trinity Val. Ry. Co. v. Stewart, 62 S. W., 1085; Railway Co. v. Guy, 23 S. W., 633; Railway Co. v. Courtney, 71 S. W., 307; H. E. & W. T. Ry. Co. v. McHale, 105 S. W., 1149; Railway Co. v. Pelfrey, 80 S. W., 1036.

The evidence in this case shows that plaintiff in error was rightfully upon the engine of defendant in error at the time of his injury, and defendant in error's servants owed him, at least, the duty of exercising ordinary care to prevent injury to him; and the jury having found that defendant in error's servants failed to use ordinary care to prevent injury to plaintiff in error, which failure upon their part was the proximate cause of the injury, and such finding of the jury being supported by the preponderance of

the evidence, this court cannot set the same aside.  San Jacinto &
S. Ry. Co. v. McLin, 64 S. W., 314;;   Ragley Lumber Co. v.
Parks, 103 S. W., 425;   Trinity Val. Ry. Co. v. Stewart, 66 S. W.,
1085;   Knox v. Robbins, 151 S. W., 1134.

If plaintiff in error was guilty of contributory negligence in as-
suming the place he did, at the time and under the circumstances
that he did, the uncontradicted testimony shows that defendant
in error's agents and servants knew of his position, and wholly
failed to use ordinary care to prevent injury to him;   which failure
on their part was the proximate and direct cause of his injury;
and therefore this Court is not authorized to reverse and render
this cause because of the negligence of plaintiff in error, if there
was negligence on his part.  H. & T. C. Ry. Co. v. Gorbett, 49 Texas,
577;  Hays v. Railway Co., 70 Texas, 607;  I & G. N. Ry. Co. v.
Tabor, 33 S. W., 894;  Railway Company v. Jacobson, 66 S. W.,
1111;  Railway Company v. Brown, 95 Texas, 364.

*Andrews, Streetman, Burns & Logue,* for defendant in error.—
The plaintiff, in taking and remaining in the position on the back
end of the tender where he was at the time he received his injury,
was, as a matter of law, guilty of contributory negligence, precluding
a recovery by him.  Lovett v. G. C. & S. F. Ry. Co., 97 Texas, 436;
Lovett v. G. C. & S. F. Ry. Co., 74 S. W., 571;  B. P. Ry. Co. v.
Jones, 95 U. S., 439;  Burns v. Chronister Lumber Co., 87 S. W.,
163;  Wilcox v. S. A. & A. P. Ry. Co., 33 S. W., 379;  Ft. Worth,
etc., Ry. Co. v. Anderson, 118 S. W., 1113;  K. C., etc., Ry. Co. v.
Williford, 88 S. W., 179;  S. L. & S. W. Ry. Co. v. Rice, 29 S. W.,
525;  T. & P. Ry. Co. v. Boyd, 24 S. W., 1086;  St. L. & S. F. Ry.
Co. v. Schumacher, 152 U. S., 78;  Tower Lumber Co. v. Brandvold,
141 Fed., 920;  Kresanowski v. N. P. R. R. Co., 18 Fed., 229;
Williams v. Choctaw, etc., Ry. Co., 149 Fed., 105;  St. L. etc., Ry.
Co. v. Conway, 156 Fed., 234;  Radley v. Columbia, etc., Ry. Co.,
75 Pac., 213;  Glover v. Scotten, 46 N. W., 936;  Labatt's Master
and Servant, 2d Ed., vol. 3, sec. 1250, subd. 7, and cases cited.

The plaintiff, as a matter of law, in taking and remaining in the
position on the back of the tender of the engine, where he was at
the time he was injured, assumed the risk and danger of being
injured by the logs on the car adjacent to the tender where he was
sitting while said car was being coupled to others in the making up
of the log train, and was thereby precluded from recovering.  Lovett
v. G. C. & S. F. Ry. Co., 97 Tex. 437;  Railway v. Mathis, 101 Texas,
342;  Railway v. Samuels, 123 S. W., 122;  Ford v. Railway Co., 124
S. W., 716;  Railway v. Wall, 116 S. W., 1140;  Railway v. Pfloeger,
96 S. W., 56;  Railway v. Edwards, 93 S. W., 106;  Railway v.
Matthews, 100 Texas, 63;  Railway v. Byrd, 115 S. W., 1163;
Railway v. Schwendt, 72 Pac., 573;  Consumers Cotton Oil Co. v.

Jante, 80 S. W., 847; Railway Co. v. McCarthy, 64 Texas, 622; Railway Co. v. Bradford, 66 Texas, 732.

Under the undisputed evidence in the case, the plaintiff, at the time when he received his injuries, was a trespasser upon the tender of the defendant's engine, and the defendant owed him no duty in respect to any of the matters complained of in his petition. T. & P. Ry. Co. v. Black, 27 S. W., 118; S. A. & A. P. Ry. Co. v. Lynch, 28 S. W., 253; Prince v. I. & G. N. Ry., 64 Texas, 144; St. L. etc. Ry. Co. v. Mayfield, 35 Texas, Civ. App., 82; S. A. & A. P. Ry. v. Wallace, 76 Texas, 637; Alabama, etc., Ry. Co. v. Livingston, 36 So., 256; Baltimore, etc., Ry. Co. v. Cox, 64 N. E., 119; Atchison, etc., Ry. Co. v. Mendoza, 60 S. W., 327; Illinois Central Ry. Co. v. Meacham, 19 S. W., 232; Skirvin v. Louisville, etc., Ry. Co. 100 S. W., 308.

MR. JUSTICE STRONG delivered the opinion of the Commission of Appeals.

The plaintiff, John Henry, brought this suit against the Kirby Lumber Company to recover damages for personal injuries alleged to have been suffered through the negligence of said Company. The defendant answered by general denial, and pleaded contributory negligence and assumed risk.

The facts attending the accident causing plaintiff's injury are in substance as follows:

The defendant is a corporation engaged in the manufacture and sale of lumber. For the purpose of bringing timber from the forest to the mill, it owns and operates steam-engines and log cars which are propelled over a tramroad. Plaintiff was employed by the defendant to assist in clearing off the right of way for the extension of the tramroad. His work was some distance from the mill, and he and other employees engaged in like work were carried back and forth on defendant's log train. On the day of his injury, plaintiff completed the work assigned to him about noon, and was told by his foreman "to go and catch the train and go in." He went over to where the engine was standing on the tramroad, and was told by the engineer that if he was going in with them to help "wood up." There were no cars attached to the engine at this time. After the tender of the engine had been filled with wood, plaintiff boarded the engine, taking a seat on the front of the tender. The engine was then backed down to a switch to get a load of logs to carry in to the mill. After the first car of logs was coupled to the tender of the engine, the engineer, in an effort to couple a second car, backed with such force against the second car that it pushed a projecting log on the first car back against the end of the tender of the engine where plaintiff was sitting and caught his leg between the tender and the end of the log, thus causing the injuries complained of. The plaintiff testified in regard to the

accident and in explanation of his position on the tender of the engine as follows:

"The engineer saw me when I got on the train—on the tender of the engine. I had been riding on the same place where I got hurt all the time I had been working there when I was going to and coming from the woods. I had never ridden on any other part of the engine except that place where I got hurt when I was going to the woods. They would bring me in from the woods on a light shay engine. In going out I always rode on this same place, and they always had the same crew, the same engineer and fireman all the time. When I took my seat on the tender the engineer and fireman were right there and saw me when I took my seat—they were standing right there—when they got to the loaded cars the brakeman came around behind and stood on the apron with me—he was on the fireman's side flagging it on, and he rode on down there with me, but he didn't speak to me. When we got to them he coupled the train up. I was about as close to the first carload of logs as the length of this table (about three feet) and I could see them all right, and the ends of the logs were smooth and shapely and in good order. I could not see the other end of the car, because the logs were stacked too high. Nobody ever told me to get down off the tender. They told me to get on there, and nobody ever told me to get off. When the brakeman coupled up that car he never told me to get off. He was as close to me as that man is there (about three feet). . . . I did not know that the train was going to back up and make another coupling. I thought it was going to stand still. I never saw a train made up that way, I have always seen them made up and be coupled together. The switch engine would make up the train and when the engine would go out after them the train would be made up, and there wouldn't be but one coupling to make. And when we made that one coupling I thought the train was ready to go in, didn't know they was going to shove back and make another coupling. I never did see but two engines at Evadale, and couldn't tell whether they made up the train with the switch engine in the woods or not, I never worked close enough to see, but at Silsbee they always kept an engine out in the woods to make up the train, and the engine that hauled the logs never had anything to do with making up the train."

The jury found, in answer to special issues submitted, that at the time of his injury, plaintiff was on the tender of the engine by ,permission of the employees of defendant in charge of the engine, and that said employees were guilty of negligence in causing said engine and car of logs to back against the second car of logs in the manner and under the circumstances stated. These findings are supported by the evidence. The jury further found 'that

plaintiff was not guilty of contributory negligence in taking and remaining in the position in which he was at the time he was injured. Upon these findings the trial court rendered judgment for plaintiff, assessing his damages in accordance with the verdict of the jury. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for defendant in error, holding that the plaintiff in taking the position which he occupied on the tender of the engine at the time he was injured was guilty of contributory negligence as a matter of law. 178 S. W., 23.

We think, in view of the plaintiff's testimony to the effect that in riding on the tender of the engine he was following a custom known to and acquiesced in by those in charge of the train, that the Court of Civil Appeals erred in holding that he was guilty of contributory negligence, as a matter of law. Mr. LaBatt, in his excellent work on Master & Servant (Vol. 3, Sec. 1269), in discussing the effect of such testimony says:

"A circumstance frequently adverted to as one which tends to negative the inference that the servant was guilty of contributory negligence is that the course of action which he was pursuing at the time the injury was received was the one customarily followed by himself or his co-employees under similar circumstances, with the approval or tacit acquiescence of the master or his representative. How far this circumstance is actually a differentiating factor, serving to fix the line of demarcation between evidence which does and which does not warrant a court in saying, as a matter of law, that the action is not maintainable, is a question to which the cases supply no definite answer. The only doctrine which it seems possible to formulate upon the subject is the somewhat vague one, that unless what the servant did was necessarily and inevitably so dangerous that it is impossible to concede that any prudent man would have acted in such a manner, evidence showing that he complied with a custom, known to and expressly or impliedly sanctioned by his employer, will generally turn the scale in his favor, and secure for him the privilege of having the quality of his conduct determined by the jury, although he would otherwise have been declared incapable of recovering."

Applying the rule thus stated to the facts of this case, it cannot, we think, be held as a matter of law that the danger of riding on the tender of the engine was so obvious that no prudent person would undertake it. Plaintiff and his co-employees had occupied the same position in perfect safety many times before in going to and returning from their work. If plaintiff's testimony is true—and that was a matter for the jury to determine—he did not know that the coupling which caused his injury was to be made. He was under the impression that the train had already been made up and that the only coupling to be made was that of the engine to the

first car of logs. Those in charge of the train knew of plaintiff's presence on the tender of the engine, and evidently did not regard his position as extra hazardous, or they would have given him some warning as to the danger. We do not think it can be said, under these circumstances, that, reasonable minds might not reach different conclusions as to whether or not a man of ordinary prudence might believe that he could occupy the position occupied by plaintiff with safety to himself. Many authorities are cited in the opinion of the Court of Civil Appeals where, under the circumstances peculiar to those cases, it was held that the plaintiff was guilty of contributory negligence as a matter of law; but we think the facts of the cases cited clearly distinguish them from the case at bar. The general rule is that contributory negligence is a question of fact to be found by the jury, and, in our opinion, the facts in this case do not take it out of that rule.

We have examined the other assignments in the brief of defendant in error, which, on account of the disposition made of the case by the Court of Civil Appeals, were not considered by that Court, and believe no error is shown by any of them.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed and that of the trial court affirmed.

#### BY THE SUPREME COURT.

The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

#### ON REHEARING.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the Court.

We adhere to the holding made in the original disposition of this case, that the question of contributory negligence on the part of the plaintiff was for the jury. The Court of Civil Appeals determined that question as one of law and adversely to the plaintiff. In rendering judgment for the defendant thereon, it did not pass upon other assignments of error presented by the defendant. The defendant is entitled to have those assignments passed upon. Since some of them raise questions not properly within the jurisdiction of the Supreme Court, requiring therefore that the case be remanded to the Court of Civil Appeals, we deem it best to confine the decision of the Supreme Court to the question of the plaintiff's contributory negligence and let the Court of Civil Appeals determine all other assignments of error there presented by the defendant.

The motion for rehearing is therefore granted in part and the case will be remanded to the Court of Civil Appeals for the consideration of such assignments of error.

*Reversed and remanded to the Court of Civil Appeals.*