HILBURN et al. v. HERRIN TRANSP. CO.

No. 13736.

Court of Civil Appeals of Texas. Dallas.

Oct. 4, 1946.

Grover Sellers, Atty. Gen., Douglas E. Bergman and Geo. W. Barcus, Assts. Atty. Gen., all of Austin, for appellants.

Phinney, Romick & Hallman, of Dallas, for appellee.

YOUNG, Justice.

This suit was brought by Herrin Transportation Company seeking a declaratory judgment and construction of Article 6675a—16, Vernon's Annotated Statutes; also for injunction against Homer Garrison, Director, and other officials of the State Highway Department to restrain them from arresting drivers of appellee's trucks not carrying Texas license plates; charging illegality of such arrests, in that, by virtue of said statute and the reciprocity agreement made pursuant thereto between designated officers of Louisiana and Texas, that appellee's vehicles based, domiciled and registered in the State of Louisiana were entitled to travel over the highways of Texas in transportation of interstate freight without paying of further excise fees, i.e., for Texas registration or license. Restraining order was granted ex parte, followed upon hearing by temporary injunction restraining aforesaid highway personnel as prayed, from which interlocutory judgment an appeal has been duly effected.

The material facts were either stipulated or appear without dispute. Appellee, as petitioner, alleged that it was a corporation, duly incorporated under the laws of Texas, with principal office and place of business in Houston, Harris County; maintaining branch offices in Dallas, Fort Worth, Beaumont and Orange; that it had a permit to do business in the State of Louisiana, with branch offices in New Orleans, Lake Charles, Shreveport, Baton Rouge and Lafayette, having maintained such Louisiana offices for more than thirty days; and that it was engaged in the transportation of motor freight for hire over the highways of the States of Texas and Louisiana. Further allegations were that it operated some 48 truck tractors and 66 truck trailers over all routes and had purchased Texas license plates, paying required fees on those vehicles that were permanently based and domiciled in the State of Texas, registering the remainder of its vehicles in the State of Louisiana where same were based and domiciled; and that those vehicles based, domiciled and registered in the State of Louisiana, on trips made into Texas, were solely engaged in transportation of interstate commerce.

It was further agreed that Herrin Transportation Company operates under authority "of the Interstate Commerce Commission in interstate commerce between Texas and Louisiana points, and transports intrastate commerce in Texas and Louisiana points"; "that it has obtained from the Railroad Commission of Texas and Public Service Commission of Louisiana authority issued by both commissions to operate its vehicles on the highways of the State of Louisiana and the State of Texas"; that appellee's only intrastate business in Texas, as authorized by the Railroad Commission, is from Houston to Beaumont, Orange and Port Arthur; and that it has authority from the Public Service Commission of Louisiana to engage in intrastate commerce over the same routes serving interstate commerce as authorized by the Interstate Commerce Commission.

R. T. Herrin, president of appellee corporation, testified that the concern had been doing business in Texas some fifteen years, all of the time operating between Louisiana and Texas; that the total monthly tonnage moving between said states was about five million pounds, with twelve to fifteen million pounds per month moving wholly within the borders of Louisiana; that appellee had warehouses, delivery trucks and office personnel at its

various points in Louisiana, where terminals were maintained and where its trucks were normally domiciled and located; that said corporation had registered in Louisiana the vehicles normally stationed there; the rest of its vehicles being registered in Texas, but in some instances there might be duplicate registrations; and that as to Texas points (Houston, Orange, Port Arthur and Beaumont) where appellee was transporting intrastate freight as well as interstate freight, the vehicles carrying same were registered in the State of Texas; that for the current year, about fifteen of the truck tractors and three or four trailers were registered in Texas, though during such time practically all of its 66 truck trailers would operate on the highways of Texas; similarly, as to tractors not registered.

Mr. Herrin stated that in three instances his truck drivers had been arrested and complaints filed in Justice Courts on charges of operating in the State of Texas with an out-of-state license; that is, lacking Texas registration; Sam Hilburn, State License and Weight Inspector, testifying that such arrests would continue.

Art. 6675a—1, with subdivisions (Laws of 1941), regulates the operation of motor vehicles upon the highways of this State; section 2 requiring the owner of a motor vehicle, trailer or semi-trailer, to register same each year through the tax collector of the county in which he resides; sections 7 and 8 specifying fees that must be paid for road tractors and trailers; section 16, here involved, reading: "(a) In addition to and regardless of the provisions of this Act, or any other Act relating to the operation of motor vehicles over the public highways of this State by non-residents, the State Highway Department acting by and through the State Highway Engineer is hereby authorized to enter into agreements with duly authorized officials of other States exempting the residents of such other States using the public highways of this State from the payment of registration fees for such periods or extensions of time as may be granted residents of Texas using the public highways of such other State. (b) This section shall be cumulative of all other laws on this subject, but in the event of a conflict between the provisions of this section and any other Act on this subject, the provisions of this section shall prevail. (c) Any person owning or operating a vehicle not registered in this State, in violation of the terms of any agreement made under this section, or in the absence of any agreement, in violation of the applicable registration laws of this State, shall be guilty of a misdemeanor and upon conviction shall be fined any sum not exceeding Two Hundred ($200.00) Dollars." Article 827a, Section 16, of the Penal Code authorizes State Highway patrolmen, and License and Weight Inspectors, to enforce the provisions of the law regulating motor travel on the highways, and makes it their duty to strictly enforce the same.

Pursuant to subdivision (a) of above Article 6675a—16, the designated highway officials of Louisiana and Texas executed a reciprocity agreement of which paragraph 8 is quoted in part: "Any person, company, or corporation which has a place of abode or business in the State of Texas or in the State of Louisiana for more than thirty (30) consecutive days in the registration year, shall not be considered as a nonresident of such state"; paragraph 5 providing that such agreement shall apply to interstate common carriers.

There is no contention on part of appellee that it is not a resident of the State of Texas; the proposition, upheld by the trial court, being that under terms of the reciprocity agreement it is a resident of the State of Louisiana and a nonresident of Texas as to all vehicles based and domiciled in such other State.

■ Appellee's situation, though possessing considerable equity, is obviously beyond the purview of aforesaid Act of reciprocity. The pact is limited to nonresidents of one jurisdiction or the other, a status which appellee does not claim; being admittedly a resident of both. Nor is there anything in the express terms of the statute and agreement made pursuant thereto, from which the exemption contended for may be implied. Courts cannot make contracts for parties, "and can declare implied covenants to exist only when there is a satisfactory basis in the express

contracts of the parties which makes it necessary to imply certain duties and obligations in order to effect the purposes of the parties in the contracts made. Before a covenant will be implied in the express terms of a contract, and in some cases in view of the customs and practices of the business to which the contract relates, it must appear therefrom that it was so clearly in the contemplation of the parties as that they deemed it unnecessary to express it, and therefore omitted to do so, or that it is necessary to imply such covenant in order to give effect to and effectuate the purpose of the contract as a whole." Freeport Sulphur Co. v. American Sulphur Royalty Co., 117 Tex. 439, 6 S.W.2d 1039, 1041, 60 A.L.R. 890.

■ It follows, therefore, as plainly stated in the agreement itself, that appellee, a Texas corporation, having had "a place of abode or business in the State of Texas * * * for more than thirty consecutive days in the registration year," cannot be considered a nonresident of this State; and hence, not entitled to the claimed exception.

The trial court's order is set aside and judgment here rendered for appellants dissolving injunction heretofore granted.