PURYEAR v. PORTER et al.

No. A–4238.

Supreme Court of Texas.

Feb. 10, 1954.

Klett, Bean & Evans and Trout & Jones, Lubbock, Stephen L. Mayo and J. Edwin Fleming, Dallas, for Porter et al.

Bob Huff and J. H. Splawn, Jr., Lubbock, for Puryear.

CALVERT, Justice.

Our judgment affirming the judgment of the Court of Civil Appeals, 258 S.W.2d 182, which remanded this cause to the trial court for retrial was entered on December 2, 1953. Motions of both parties for rehearing were overruled on January 13th of this year without written opinion. Tex. Sup., 262 S.W.2d 933.

The Court of Civil Appeals' reversal of the trial court's judgment for plaintiff was permitted by us to stand on the sole ground that the evidence was insufficient to

support the jury finding that the defendants' negligence was a proximate cause of plaintiff's injuries.

By his second motion for rehearing, and relying on the cases of Woods v. Townsend, 144 Tex. 594, 192 S.W.2d 884, Corzelius v. Oliver, 148 Tex. 76, 220 S.W.2d 632, and Hale v. Texas Employers' Ins. Ass'n, Tex. Sup., 239 S.W.2d 608, the plaintiff suggests for the first time that we should have reversed the judgment of the Court of Civil Appeals and remanded the cause to that Court for further consideration. In his application for writ of error and his first motion for rehearing he prayed only that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court be affirmed.

The cases cited undoubtedly stand for the proposition that while the judgment of a court of civil appeals is final and conclusive on a question of the sufficiency of the evidence to support a verdict, yet when it appears that its ruling on that question was based on a conception of the law held by this Court to be erroneous, this Court should remand the cause to that Court for consideration of the weight of the evidence under proper rules of law.

In this case we held that in passing on the sufficiency of the evidence the Court of Civil Appeals erred in its conception of the law in two respects: first, in holding the testimony of doctors of medicine to be incompetent on the issue of proximate cause, and secondly, in holding that the testimony of such doctors had no relevancy or materiality on the issue of proximate cause as that issue was pleaded by the plaintiff and submitted to the jury.

If the first error were the only one involved we would not alter the judgment heretofore rendered for the Court of Civil Appeals specifically held that even considering the testimony of the doctors of medicine there was still not sufficient evidence to support the jury finding. Thus it appears that that Court would have reached the same conclusion and result if it had regarded the medical testimony as competent, and we would regard the matter as foreclosed.

[3] On the other hand, we cannot say that the Court of Civil Appeals would have reached the same result it did reach if it had had before it our holding that the testimony of the doctors of medicine, as set out in our opinion, was relevant to and material on the issue of proximate cause as pleaded and submitted. For that reason we have concluded that our former judgment should be set aside and judgment be rendered reversing the judgment of the Court of Civil Appeals and remanding the cause to that Court for further consideration of the question of the sufficiency of the evidence to support the jury's answer to the proximate cause issue.

Certain expressions in the opinion of the Court of Civil Appeals indicate that it was inclined to discount the cogency and probative force of some of the testimony of the doctors of medicine because of answers made to questions propounded on cross-examination. Our action in remanding the cause for further consideration is not to be regarded as an effort on the part of this Court to invade the exclusive jurisdiction of the Court of Civil Appeals to weigh the evidence and to determine if the jury finding on proximate cause is, in its opinion, so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

The defendants have also filed a second motion for rehearing but it contains nothing new and is overruled.

Our former judgment is set aside and the judgment of the Court of Civil Appeals is reversed and the cause is remanded to that Court for further consideration.