**Harry STALCUP, Appellant,**

v.

**Harris G. EASTHAM, Jr., et al., Appellees.**

No. 5338.

Court of Civil Appeals of Texas.

El Paso.

July 1, 1959.

Rehearing Denied July 23, 1959.

Clyde E. Thomas, Big Spring, for appellant.

Max Osborn, Turpin, Kerr, Smith & Dyer, Rucker & Rassman, Midland, for appellees.

ABBOTT, Justice.

This is an appeal from a suit heard before the court without a jury, interpreting a written contract.

On April 20, 1953 appellant (plaintiff below), sold and delivered to appellees (defendants below) the Dr. Pepper Bottling Company, together with all rights, title and franchise, as well as personal property; the franchise covering Howard, Martin, Midland, Ector, Crane, Glasscock, Borden, Andrews and Dawson counties. In the contract of sale, there appeared the following clause:

"4. Second Party covenants and agrees not to engage in any form of the soft drink bottling or vending business, directly or indirectly, in the trade territory composed of the counties of Howard, Martin, Midland, Ector, Crane, Glasscock, Borden, Dawson and Andrews, Texas, for a period of ten consecutive years commencing April 18, 1954. During said term Second Party shall receive annually from First Party the sum of two and one-half (2½) cents per case (24 bottles) on the first 220,000 cases of Doctor Pepper sold by First Party each year. The parties represent that the money paid to Second Party by First Party hereunder constitutes no part of the purchase price of said business."

There was a cash consideration paid at the time of the transfer in the amount of $56,000, and notes totaling $50,000 to be paid in equal installments over a period of ten years. These payments have been duly and timely paid, and do not enter into this suit.

Beginning in June 1955, the Dr. Pepper Company of Dallas required the appellees to sell Dr. Pepper in six-ounce and ten-ounce cans. These cans—both sizes—were filled and sealed in Dallas, Texas, and shipped to appellees in cardboard containers, each containing 48 cans. Also, sales of six bottles to a package, called "6-Packs", had been sold before and after the contract.

These "6-Packs" came four to a case and contained 24 bottles in a case. Also, there is evidence that Dr. Pepper is now being sold in a 10-ounce bottle. From June, 1955, until the present time, appellees have refused to pay the agreed royalty; however, they have said that they would pay the royalty on the cases of 24 six-ounce bottles as originally agreed. There has been no tender. Appellant contended that the cases of 24 six-ounce bottles, as contained in the original contract, is a measuring device only, and that he is entitled to his royalty on all Dr. Pepper, whether cans or bottles, "6-Packs" or 24-bottle cases.

The trial court rendered judgment finding appellant entitled to two and one-half cents per case of twenty-four 6-ounce bottles, but not entitled to any payment on the sale of Dr. Pepper in cans or in any bottles except those sold in cases of 24, and containing only 6-ounce bottles. The trial court, in the requested Findings of Fact, found a "case" to be a divided wooden case, or container, with spaces for only 24 six-ounce bottles. Also, that the parties contracted and intended for the sum of two and one-half cents per case to be based only on the sale of each wooden case containing 24 six-ounce bottles.

From the trial court's judgment appellant has perfected his appeal to this court, complaining of the court's finding that appellant was entitled only to the royalty payment on cases of 24 six-ounce bottles, and excluding any royalty on any other type package, case, carton or can of Dr. Pepper.

Appellees bring five counter-points, contending that the trial court properly and correctly interpreted the terms of the contract.

■ We must bear in mind the well-settled principle of law that a contract freely entered into between the parties must be construed from its four corners; that is, every part thereof must be permitted to stand as written, if it can be done without doing violence to the manner in which the intentions of the parties are expressed,

without infringing the well-settled rules of judicial construction. Southwestern Life Ins. Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619.

■ Appellees purchased a bottling plant, complete, along with the Dr. Pepper franchise for a described area. The business was for the purpose of bottling and selling Dr. Pepper. The size of the bottles of Dr. Pepper sold is not mentioned in either the contract of sale or the agreement not to compete. It is our opinion that the word "case", as used in the contract, means twenty-four bottles, and that this is a measuring device to determine the royalty due. We believe that appellant is entitled to two and one-half cents for every twenty-four bottles of Dr. Pepper sold, whether by the single bottle or by "6-Packs", or by the case of 24 bottles, and whether 6-ounce bottles or 10-ounce bottles.

■ At the time of the contract, neither party contemplated Dr. Pepper in cans. It could not be canned at the plant in question. The profit, if any, was not known. In fact, the canned product was a new business, in that the bottling plant had no part in its manufacture, but only in its sale and distribution. Courts cannot make contracts for parties, and can declare implied covenants to exist only where it appears that such covenants were clearly contemplated by the parties or are necessary to effect purposes of contract. Hillburn v. Herrin Transp. Co., Tex.Civ.App., 197 S.W.2d 149. We are of the opinion that the trial court was correct in holding that no royalty was to be paid for the Dr. Pepper sold in cans.

■ The trial court assessed costs against appellant in that appellees had been ready, willing and able to pay the royalty on the 24, six-ounce bottles to a case that had been sold. Since by this opinion we have enlarged the judgment, costs in both courts shall be assessed against appellees. Rule 139, Texas Rules of Civil Procedure.

It is our opinion that the judgment of the trial court as to the bottled Dr. Pepper must be reversed and rendered, and that appellees pay to appellant two and one-half cents per case, or twenty-four bottles, of any size sold; that the trial court's judgment as to canned Dr. Pepper be affirmed; that defendants below (appellees here), be assessed costs of court.

On Motion for Rehearing

■ Appellee Harris G. Eastham, Jr. has filed his motion for rehearing, insisting that this court has exceeded its authority by substituting its findings for those of the trial court.

We are well aware of Rule 453, Texas Rules of Civil Procedure, and had, in our opinion, the evidence as to meaning of the contract in question been in conflict, this case would have been remanded. We have again read the Statement of Facts and, without quoting, we are still of the opinion that we were correct in our original opinion that the contract was clear, and both parties understood the meaning of the contract. Appellant's own testimony could not support the trial court's finding that a "case" was 24, six-ounce bottles in a separated container.

■ This court is not justified in reversing and rendering a case unless it appears, as a matter of law, that there was no evidence, or insufficient evidence, of probative force to sustain the findings of the trial court. 4 Tex.Jur.2d 375, sec. 832; Texas & P. Ry. Co. v. City of El Paso, 126 Tex. 86, 85 S.W.2d 245; Sovereign Camp, W. O. W. v. Derrick, Tex.Civ.App., 64 S.W.2d 982 (error ref.); Corzelius v. Oliver, 148 Tex. 76, 220 S.W.2d 632.

■ Appellant further complains that the pleadings do not support our findings. We think it sufficient to state that plaintiff, to the best of his ability and knowledge, sued for all of the royalty that was due him under his contract.

Believing that our original opinion was correct, we overrule the motion for rehearing.